THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| CHANEL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. |
| | ) | |
| JEANNINE BUFORD d/b/a | ) | |
| LUXXLOUNGE.COM and | ) | |
| STYLEVIXXEN.COM  and | ) | |
| DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR DAMAGES**
**AND INJUNCTIVE RELIEF**

Plaintiff, CHANEL, INC. ("Chanel"), hereby sues Defendants, JEANNINE BUFORD

d/b/a www.luxxlounge.com d/b/a www.stylevixxen.com ("Buford") and DOES 1 – 10

(collectively "Defendants") and alleges as follows:

**JURISDICTION AND VENUE**

1.      This is an action pursuant to 15 U.S.C. §§ 1114, 1116, 1121 and 1125(a).

Accordingly, this Court has jurisdiction under 28 U.S.C. §§ 1331, 1332 and 1338.

2.      Venue is proper in this Court pursuant 28 U.S.C. § 1391 since the named

Defendant conducts business with consumers within this Judicial District through at least the

fully interactive Internet websites www.luxxlounge.com and www.stylevixxen.com.

**THE PARTIES**

3.      Chanel is a corporation duly organized under the laws of the State of New York

with its principal place of business in the United States located at Nine West 57th Street, New

York, New York 10019.  Chanel is, in part, engaged in the business of manufacturing and

distributing throughout the world, including within this Judicial District, high quality handbags,

wallets, jewelry, watches and shoes under Federally registered trademarks, including but not limited to CC MONOGRAM, J12 and CHANEL (collectively the "Chanel Marks").

4.      Buford is an individual who, upon information and belief resides at 4505 Olive Street #H, Saint Louis, MO 63112, and conducts business within this jurisdiction through the operation of the fully interactive websites, www.luxxlounge.com and www.stylevixxen.com. Buford is the moving and conscious force behind the operation of www.luxxlounge.com and www.stylevixxen.com.

5.      Upon information and belief, Buford is directly engaging in the sale of counterfeit and infringing products within this Judicial District as alleged herein.

6.      Defendant Does 1-5 are, upon information and belief, individuals who reside and/or conduct substantial business within this Judicial District.  Further, Does 1-5 are directly and personally contributing, inducing and engaging in the sale of counterfeit products as alleged herein as partners or suppliers to the named Defendant.  Chanel is presently unaware of the true names of Does 1-5.  Chanel will amend this Complaint upon discovery of the identities of such fictitious Defendants.

7.      Defendant Does 6-10 are business entities which, upon information and belief, reside and\or conduct business within this Judicial District.  Moreover, Does 6-10 are, upon information and belief, directly engaging in the sale of counterfeit products as alleged herein as partners or suppliers to the named Defendant.  Chanel is presently unaware of the true names of Does 6-10.  Chanel will amend this Complaint upon discovery of the identities of such fictitious Defendants.

## COMMON FACTUAL ALLEGATIONS

8.      Chanel is the owner of the following United States Federal Trademark Registrations:

| Mark | Reg. No. | Reg. Date |
|------|----------|-----------|
|  | 3,025,934 | December 13, 2005 |
|  | 3,022,708 | December 6, 2005 |
|  | 1,734,822 | November 24, 1992 |
| CHANEL | 1,733,051 | November 17, 1992 |
| CHANEL | 1,347,677 | July 9, 1985 |
|  | 1,314,511 | January 15, 1985 |
| CHANEL | 0,626,035 | May 1, 1956 |
| CHANEL | 0,612,169 | September 13, 1955 |
| CHANEL | 0,902,190 | November 10, 1970 |
| CHANEL | 0,915,139 | June 15, 1971 |
|  | 1,241,264 | June 7, 1983 |
| CHANEL | 1,241,265 | June 7, 1983 |
|  | 1,271,876 | March 27, 1984 |
|  | 3,022,708 | December 6, 2005 |
| J12 | 2,559,772 | April 9, 2002 |

which are registered in International Classes 14, 18, and 25, 28 and are used in connection with the manufacture and distribution of, among other things, high quality handbags, wallets, jewelry, watches and shoes.

9.     The Chanel Marks have been used in interstate commerce to identify and distinguish Chanel's high quality handbags, wallets, jewelry, watches and shoes, and other goods for an extended period of time.

10.     The Chanel Marks have never been assigned or licensed to any of the Defendants in this matter.

11.     The Chanel Marks are symbols of Chanel's quality, reputation and goodwill and have never been abandoned.

12.     Further, Chanel has expended substantial time, money and other resources developing, advertising and otherwise promoting the Chanel Marks. The Chanel Marks qualify as famous marks as that term is used in 15 U.S.C. §1125(c)(1).

13.     Chanel has extensively used, advertised and promoted the Chanel Marks in the United States in association with the sale of high quality handbags, wallets, jewelry, watches and shoes, and other goods and has carefully monitored and policed the use of the Chanel Marks.

14.     As a result of Chanel's efforts, members of the consuming public readily identify merchandise bearing the Chanel Marks, as being high quality merchandise sponsored and approved by Chanel.

15.     Accordingly, the Chanel Marks have achieved secondary meaning as identifiers of high quality handbags, wallets, jewelry, watches and shoes and other goods.

16.     Upon information and belief, at all times relevant hereto, the Defendants in this action had full knowledge of Chanel's ownership of the Chanel Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

17.     Chanel has discovered the Defendants are promoting and otherwise advertising, distributing, selling and/or offering for sale counterfeit products, including at least handbags,

wallets, jewelry, watches and shoes bearing trademarks which are exact copies of the Chanel Marks (the "Counterfeit Goods"). Specifically, upon information and belief, the Defendants are using the Chanel Marks in the same stylized fashion, for different quality goods.

18.     Upon information and belief, the Defendants' Counterfeit Goods are of a quality substantially different than that of Chanel's genuine goods. Despite the nature of their Counterfeit Goods and the knowledge they are without authority to do so, the Defendants, upon information and belief, are actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of their Counterfeit Goods with the knowledge that such goods will be mistaken for the genuine high quality products offered for sale by Chanel. The net effect of the Defendants' actions will be to result in the confusion of consumers who will believe the Defendants' Counterfeit Goods are genuine goods originating from and approved by Chanel.

19.     The Defendants advertise their Counterfeit Goods for sale to the consuming public. In so advertising these products, the Defendants use the Chanel Marks. Indeed, the Defendants herein misappropriated Chanel's advertising ideas and entire style of doing business with regard to the advertisement and sale of Chanel's genuine products. Upon information and belief, the misappropriation of Chanel's advertising ideas in the form of the Chanel Marks has occurred, in part, in the course of Defendants' advertising activities and has been the proximate cause of damage to Chanel.

20.     Upon information and belief, the Defendants are conducting their counterfeiting and infringing activities at least within this Judicial District and elsewhere throughout the United States. As a result, the Defendants are defrauding Chanel and the consuming public for the Defendants' own benefit. Defendants' infringement and disparagement of Chanel does not

simply amount to the wrong description of their goods or the failure of the goods to conform to the advertised quality or performance.

21.    The Defendants' use of the Chanel Marks, including the promotion and advertising, reproduction, distribution, sale and offering for sale of their Counterfeit Goods, is without Chanel's consent or authorization.

22.    Further, the Defendants are engaging in the above-described illegal counterfeiting and infringing activities knowing and intentionally or with reckless disregard or willful blindness to Chanel's rights for the purpose of trading on the goodwill and reputation of Chanel.  If the Defendants' intentional counterfeiting and infringing activities are not preliminarily and permanently enjoined by this Court, Chanel and the consuming public will continue to be damaged.

23.    The Defendants' above identified infringing activities are likely to cause confusion, deception and mistake in the minds of consumers, the public and the trade. Moreover, the Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public and the trade into believing there is a connection or association between Chanel's genuine goods and the Defendants' Counterfeit Goods.

24.    Chanel has no adequate remedy at law.

25.    Chanel is suffering irreparable injury and has suffered substantial damages as a result of the Defendants' counterfeiting and infringing activities.

26.    The injuries and damages sustained by Chanel have been directly and proximately caused by the Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of their Counterfeit Goods.

27.     Chanel has retained the undersigned counsel to represent them in this matter and is obligated to pay said counsel a reasonable fee for such representation.

## COUNT I - TRADEMARK INFRINGEMENT

28.     Chanel hereby readopts and re-alleges the allegations set forth in Paragraphs 1 through 27 above.

29.     This is an action for trademark counterfeiting and infringement against the Defendants based on their promotion, advertisement, distribution, sale and/or offering for sale of the Counterfeit Goods bearing the Chanel Marks.

30.     Specifically, the Defendants are promoting and otherwise advertising, selling, offering for sale and distributing counterfeit and infringing handbags, belts, jewelry, watches and shoes bearing the Chanel Marks.  The Defendants are continuously infringing and inducing others to infringe the Chanel Marks by using them to advertise, promote and sell counterfeit handbags, wallets, jewelry, watches and shoes.

31.     Defendants' counterfeiting and infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods bearing the Chanel Marks.

32.     The Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Chanel.

33.     Defendants' above-described illegal actions constitute counterfeiting and infringement of the Chanel Marks in violation of Chanel's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

34.     Chanel has suffered and will continue to suffer irreparable injury due to the above described activities of the Defendants if the Defendants are not preliminarily and permanently enjoined.

## COUNT II – TRADEMARK COUNTERFEITING

35.     Chanel hereby readopts and re-alleges the allegations set forth in Paragraphs 1 through 34 above.

36.     This is an action for trademark counterfeiting and infringement against the Defendants based on their promotion, advertisement, distribution, sale and/or offering for sale of the Counterfeit Goods bearing the Chanel Marks.

37.     Specifically, the Defendants are promoting and otherwise advertising, selling, offering for sale and distributing counterfeit and infringing handbags, wallets, jewelry, watches and shoes bearing the Chanel Marks.  The Defendants are continuously infringing and inducing others to infringe the Chanel Marks by using them to advertise, promote and sell counterfeit handbags, wallets, jewelry, watches and shoes.

38.     Defendants' counterfeiting and infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods bearing the Chanel Marks.

39.     The Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Chanel.

40.     Defendants' above-described illegal actions constitute counterfeiting and infringement of the Chanel Marks in violation of Chanel's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

41.     Chanel has suffered and will continue to suffer irreparable injury due to the above described activities of the Defendants if the Defendants are not preliminarily and permanently enjoined.

## COUNT III - FALSE DESIGNATION OF ORIGIN
## PURSUANT TO § 43(a) OF THE LANHAM ACT

42.     Chanel hereby readopts and re-alleges the allegations set forth in Paragraphs 1 through 41 above.

43.     The Defendants' Counterfeit Goods bearing and sold under the Chanel Marks have been widely advertised and distributed throughout the United States.

44.     The Defendants' Counterfeit Goods bearing and sold under the Chanel Marks are virtually identical in appearance to each of Chanel's respective genuine goods.  However, the Counterfeit Goods are different and likely inferior in quality.  Accordingly, the Defendants' activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of the Counterfeit Goods.

45.     The Defendants, upon information and belief, have used in connection with their sale of Counterfeit Goods, false designations of origins and false descriptions and representations, including words or other symbols and trade dress which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of Chanel.

46.     Specifically, the Defendants have authorized an infringing use of the Chanel Marks, in the Defendants' advertisement and promotion of their counterfeit and infringing handbags, wallets, jewelry, watches and shoes.  The Defendants, have misrepresented to

members of the consuming public that the Counterfeit Goods being advertised and sold by them

are genuine, non-infringing products.

47.    The Defendants' above-described actions are in violation of Section 43(a) of the

Lanham Act, 15 U.S.C. §1125(a).

48.    Chanel has sustained injury and damage caused by Defendants' conduct, and

absent an entry of an injunction by this Court, Chanel will continue to suffer irreparable injury to

their goodwill and business reputation as well as monetary damages.

## PRAYER FOR RELIEF

WHEREFORE, Chanel demands judgment jointly and severally against the Defendants

as follows:

a.    The Court enter a preliminary and permanent injunction enjoining

Defendants, their agents, representatives, servants, employees, and all those acting in concert or

participation therewith, from manufacturing or causing to be manufactured, importing,

advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from

infringing, counterfeiting, or diluting the Chanel Marks; from using the Chanel Marks, or any

mark or trade dress similar thereto, in connection with the sale of any unauthorized goods; from

using any logo, trade name or trademark or trade dress which may be calculated to falsely

advertise the services or products of the Defendants as being sponsored by, authorized by,

endorsed by, or in any way associated with Chanel; from falsely representing themselves as

being connected with Chanel, through sponsorship or association, or engaging in any act which

is likely to falsely cause members of the trade and/or of the purchasing public to believe any

goods or services of the Defendants, or in any way endorsed by, approved by, and/or associated

with Chanel; from using any reproduction, counterfeit, copy, or colorable imitation of the Chanel

Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by the Defendants, including, without limitation, handbags, wallets, jewelry, watches and shoes, and other goods; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Chanel, or in any way endorsed by Chanel and from offering such goods in commerce; and from otherwise unfairly competing with Chanel.

       b.     The Defendants be required to account to and pay Chanel for all profits and damages resulting from Defendants' trademark infringing and counterfeiting activities and that the award to Chanel be trebled, as provided for under 15 U.S.C. §1117, or, at Chanel's election with respect to Count I, that Chanel be awarded statutory damages from each Defendant in the amount of one million dollars ($1,000,000.00) per each counterfeit Chanel Mark used and product sold, as provided by 15 U.S.C. §1117(c)(2) of the Lanham Act.

       c.     Chanel be awarded pre-judgment interest on its respective judgment.

       d.     Chanel be awarded its costs and reasonable attorneys' fees and investigators' fees associated with bringing this action.

       e.     Chanel be awarded such other and further relief as the Court may deem just and proper.

Respectfully submitted,


SONNENSCHEIN NATH & ROSENTHAL LLP

By:           */s/ Benjamin A. Halpert*
              Belinda B. May, #7367
              Benjamin A. Halpert, #498483
              One Metropolitan Square, Suite 3000
              St. Louis, Missouri  63102
              Telephone:  (314) 241-1800
              Facsimile:  (314) 259-5959
              bmay@sonnenschein.com
              bhalpert@sonnenschein.com

*Attorneys for Plaintiff, Chanel, Inc.*